UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

BENJAMIN COTTON, on behalf of
himself and others similarly situated,

Plaintiff,

v.

ACKERMAN WRECKER SERVICE,
INC. and WALTER GLEN SMITH,

Defendants.

**<u>COMPLAINT</u>**

**Jury trial demanded**

5:15-cv-466(LJA)

Plaintiff Benjamin Cotton (hereafter "Mr. Cotton" or "Plaintiff"), by and through his undersigned counsel, pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*, (hereafter "the FLSA"), for himself and on behalf of a class of similarly situated individuals, brings this Complaint against Defendants Ackerman Wrecker Services, Inc. (hereafter "Ackerman") and Walter Glen Smith ("Smith") (hereafter collectively "Defendants") for due but unpaid minimum wage compensation, due but unpaid overtime compensation, liquidated damages, back pay, front pay, costs of litigation including reasonable attorneys' fees, and for other relief on the grounds set forth as follows.  This Complaint also states claims for retaliation in violation of the FLSA and for race discrimination in violation of 42 U.S.C. § 1981 ("Section 1981") and Title VII of the Civil Rights

Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII").

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b) and 28 U.S.C §§ 1331 and 1337.

2. Venue properly lies in the Middle District of Georgia pursuant to 28 U.S.C. § 1391(b)(2) because Defendants conduct business operations in this District and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## PARTIES

3. Mr. Cotton is a citizen of the State of Georgia who resides in Bibb County, Georgia.   Defendants employed Mr. Cotton in the furtherance of their commercial business in and around Macon, Georgia.

4. Defendant Ackerman is a Delaware corporation with its principal office located at 900 11th Street, Macon, Georgia 31201.  Ackerman can be served with the summons and complaint by personal service of its registered agent, National Registered Agents, Inc., 1201 Peachtree Street N.E., Suite 1240, Atlanta, Georgia, 30361.

5. At all times material hereto, Ackerman has been an "employer" as defined in

FLSA § 3(d), 29 U.S.C. § 203(d).

6.    At all times material hereto, Ackerman has been "engaged in commerce" as defined in (1) FLSA § 6(a), 29 U.S.C. § 206(a) and (2) FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

7.    At all times material hereto, Ackerman has been an "enterprise engaged in commerce" as defined in FLSA § 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

8.    At all times material hereto, Ackerman had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

9.    Ackerman is subject to the personal jurisdiction of this Court.

10.    Smith is the Chief Executive Officer of Ackerman.

11.    Smith is a resident of Bibb County, Georgia.

12.    Smith may be served with process at 900 11th Street, Macon, Georgia 31201.

13.    At all times material hereto, Smith has been an "employer" as defined in FLSA § 3(d), 29 U.S.C. § 203(d).

14.    Smith is subject to the personal jurisdiction of this Court.

**FACTUAL ALLEGATIONS COMMON TO PLAINTIFF
AND THE MEMBERS OF THE CLASS HE SEEKS TO REPRESENT**

15.    Plaintiff brings this action on behalf of himself and all other similarly situated present and former employees of Defendants who consent to join this action pursuant to 29 U.S.C. § 216(b).

16.   Plaintiff has consented to be a plaintiff in this FLSA action.  His consent form is filed herewith as Exhibit "A".

17.   This action is brought by a former employee of Defendants, Mr. Cotton, on behalf of all current and former employees who are or were employed by Defendants as tow truck drivers.

18.   In the majority of work weeks within the three years prior to the initiation of this action, Defendants paid their tow truck drivers $400.00 per work week plus a 20% commission.

19.   As a result of Defendants' compensation pay plan, Plaintiff worked many weeks for which Defendants failed to pay him the minimum wage as required by the FLSA.

20.   As a result of Defendants' compensation plan, Plaintiff worked many weeks for which Defendants failed to pay him at one and one half times his legally required minimum regular rate for work performed in excess of forty hours in a week.

21.   Plaintiff and the members of the class he seeks to represent were and/or are employees engaged in commerce by providing tow truck driving services to Defendants' customers, on behalf of Defendants, within the State of Georgia.

22.   Plaintiff and the members of the class he seeks to represent were and/or are

employed by an enterprise engaged in commerce, as defined in FLSA § 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

23. Plaintiff and the members of the class he seeks to represent were and/or are an "employee[s]" of Defendants as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

24. Ackerman is primarily engaged in the business of providing tow truck services to customers in and around Macon, Georgia.

25. In 2012, Ackerman had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

26. In 2013, Ackerman had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

27. In 2014, Ackerman had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

28. In 2015, Ackerman had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

29.   At all times material hereto, Ackerman was or is the "employer" of Plaintiff and the members of the class he seeks to represent as defined in FLSA § 3(d), 29 U.S.C. §203(d).

30.   At all times material hereto, Smith was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) inasmuch as he was acting directly or indirectly in the interest of Ackerman in his interactions with Plaintiff and the members of the class he seeks to represent.

31.   At all times material hereto, Smith was the Chief Executive Officer of Ackerman.

32.   At all times material hereto, Smith had authority and exercised control over the finances and operations of Ackerman.

33.   At all times material hereto, Smith exercised managerial authority and control over the day to day business of Ackerman, including the terms and conditions of employment for Plaintiff and the members of the class he seeks to represent.

34.   At all times material hereto, Smith exercised control over the hiring and firing of employees at Ackerman.

35.   At all times material hereto, Smith controlled employee work schedules and conditions of employment of Plaintiff and the members of the class he seeks

to represent.

36.    At all times material hereto, Smith determined the pay rate and the method of pay for Plaintiff and the members of the class he seeks to represent.

37.    At all times material hereto, Smith had authority and control over Ackerman's common policy to pay tow truck drivers on a flat fee plus commission basis so as to avoid paying either minimum wage or overtime compensation as required by the FLSA.

38.    Plaintiff and each member of the class he seeks to represent were not guaranteed at least $455.00 per week in wages and the amount of Plaintiff's weekly wages could fluctuate below $455.00 depending on the amount of commission earned during the week.

39.    All of Defendants' pay records for Plaintiff and the members of the class he seeks to represent reflect that Plaintiff and the members of the class he seeks to represent were paid by flat fee plus commission and were not salaried employees.

40.    Throughout Plaintiff's employment with Defendants, and the employment of each member of the class he seeks to represent, each tow truck driver was routinely scheduled to work in excess of forty (40) hours per week and each routinely worked in excess of forty (40) hours per week.

41.  At all times material hereto, Plaintiff and the members of the class he seeks to represent were not subject to any exemption from the minimum wage requirements of the FLSA.

42.  At all times material hereto, Plaintiff and the members of the class he seeks to represent were not subject to any exemption from the overtime pay requirements of the FLSA.

43.  At all times material hereto, Defendants have failed to meet the requirements for any of the exemptions from application of the minimum wage requirements of the FLSA under 29 U.S.C. § 206.

44.  At all times material hereto, Defendants have failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA under 29 U.S.C. §§ 207 or 213.

45.  The FLSA requires that Plaintiff and each member of the class he seeks to represent be compensated minimum wage at a rate of at least $7.25 per hour for every hour worked in a work week.

46.  The FLSA requires that Plaintiff and each member of the class he seeks to represent be compensated at a rate of one and one half times their regular hourly rate for each hour worked in excess of forty hours in a work week.

47.  Defendants knew or should have known that the FLSA applied to Plaintiff

and the members of the class he seeks to represent.

48.    Defendants knew or should have known that the FLSA requires that Plaintiff and each member of the class he seeks to represent are to be compensated minimum wage at a rate of at least $7.25 per hour for every hour worked in a work week.

49.    Defendants knew or should have known that the FLSA requires that Plaintiff and each member of the class he seeks to represent are to be compensated at a rate of one and one half times their hourly rate for each hour worked in excess of forty hours in a work week.

50.    Upon information and belief, in failing or refusing to pay Plaintiff and the members of the class he seeks to represent minimum wage as required by the FLSA, Defendants have not relied on any letter ruling from the Department of Labor indicating that Plaintiff and/or the class members were not entitled to the minimum wage.

51.    Upon information and belief, in failing or refusing to pay Plaintiff and the members of the class he seeks to represent overtime compensation as required by the FLSA, Defendants have not relied on any letter ruling from the Department of Labor indicating that Plaintiff and/or the class members were not entitled to overtime compensation at one and one half times their

regular rate.

52.   Defendants are liable to Plaintiff and to each member of the class he seeks to represent for compensation for any and all time worked at $7.25 per hour.

53.   Defendants are liable to Plaintiff and to each member of the class he seeks to represent for compensation for any and all time worked in excess of forty hours per week at the rate of at least one and one half times their regular hourly rate.

54.   Defendants' conduct constitutes willful violations of 29 U.S.C. §§ 206, 207 and 215 of the FLSA, entitling Plaintiff and the class he represents to all relief afforded under the FLSA, including the application of a three (3) year statute of limitations, the award of liquidated damages, and attorneys' fees and costs of litigation pursuant to 29 U.S.C. § 216.

## FACTUAL ALLEGATIONS REGARDING PLAINTIFF'S FLSA CLAIMS

55.   Mr. Cotton is a former employee of Defendants.

56.   Mr. Cotton worked for Defendants from on or about April 12, 2012 through on or about February 9, 2015 at Defendants' facility in Macon, Georgia.

57.   Mr. Cotton is owed minimum wage pursuant to 29 U.S.C. § 206 for each workweek he was employed by Defendants.

58.   Mr. Cotton is owed overtime compensation for the time worked in excess of

forty (40) hours per week at the rate of at least one and one half times his legally required regular hourly rate pursuant to 29 U.S.C. § 207.

59. As Defendants' violations of the FLSA were willful, Mr. Cotton is entitled to an award of liquidated damages in an amount equal to the amount of his unpaid minimum wage and unpaid overtime compensation for a period of three years prior to the filing of this Complaint.

60. Smith terminated Mr. Cotton's employment on February 9, 2015.

61. Smith claimed that he terminated Mr. Cotton because Mr. Cotton stole money from Ackerman.

62. Mr. Cotton did not in fact steal money from Ackerman.

63. Prior to his termination, Mr. Cotton complained to Smith on numerous occasions about his failure to pay proper overtime compensation to Mr. Cotton and the other tow truck drivers employed by Ackerman.

64. Smith failed or refused to address Mr. Cotton's concerns about improper overtime compensation.

**CLAIMS FOR RELIEF**

**COUNT ONE – FAILURE TO PAY MINIMUM WAGE**
**VIOLATION OF 29 U.S.C. §§ 206, 215 and 216**
**AGAINST ALL DEFENDANTS**

65. The allegations in all previous paragraphs above are incorporated by

reference as if fully set out in this paragraph.

66.     During the three-year period preceding the initiation of this action, Defendants failed to compensate Plaintiff and the members of the class he seeks to represent at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

67.     During the three-year period preceding the initiation of this action, Defendants willfully failed to compensate Plaintiff and the members of class he seeks to represent at an hourly rate above or equal to the minimum wage as established in accordance with the FLSA.

68.     Plaintiff and the members of the class he seeks to represent are entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

69.     As a result of the underpayment of minimum wages as alleged above, Plaintiff and the members of the class he seeks to represent are entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

70.     Defendants' failure to compensate Plaintiff and the members of the class he seeks to represent at or above the minimum wage is a violation of § 206 and § 215 of the FLSA.

71.     Defendants' failure to compensate Plaintiff and the members of the class he

seeks to represent at or above the minimum wage is intentional and willful.

72.     Defendants' failure to compensate Plaintiff and the members of the class he seeks to represent at or above the minimum wage gives rise to a claim for relief under the FLSA for unpaid minimum wages for three years prior to the filing of this Complaint, through the date of judgment in this action, liquidated damages in an amount equal to the unpaid compensation, declaratory and injunctive relief, and reasonable attorneys' fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

### COUNT TWO – FAILURE TO PAY OVERTIME
### VIOLATION OF 29 U.S.C. § 207, § 215 AND § 216
### AGAINST ALL DEFENDANTS

73.     The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

74.     During the three-year period preceding the initiation of this action, Defendants have failed to compensate Plaintiff and the members of the class he seeks to represent at one and one half times the legally required regular rate for worked performed in excess of forty hours per week as required by the FLSA.

75.     During the three-year period preceding the initiation of this action, Defendants have willfully failed to compensate Plaintiff and the members of

the class he seeks to represent at one and one half times the legally required regular rate for worked performed in excess of forty hours per week as required by the FLSA.

76. Defendants' failure to compensate Plaintiff and the members of the class he seeks to represent for time actually worked in excess of forty hours per week on the basis of one and one half times the legally required regular hourly rate of pay is a violation of § 207 and § 215 of the FLSA.

77. Defendants' failure to compensate Plaintiff and the members of the class he seeks to represent for time actually worked in excess of forty hours per week on the basis of one and one half times the legally required regular hourly rate of pay is intentional and willful.

78. Defendants' failure to compensate Plaintiff and the members of the class he seeks to represent for time actually worked in excess of forty hours per week on the basis of one and one half times the legally required regular hourly rate of pay gives rise to a claim for relief under the FLSA for unpaid overtime compensation for three years prior to the filing of this Complaint, through the date of judgment in this action, liquidated damages in an amount equal to the unpaid compensation, declaratory and injunctive relief, and reasonable attorneys' fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

## COUNT THREE - RETALIATION
## VIOLATION OF 29 U.S.C. § 215(a)(3)
## AGAINST ALL DEFENDANTS

79.   The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

80.   The FLSA prohibits covered employers from terminating an employee in retaliation for lodging a complaint about the employer's violation of the FLSA.

81.   Upon information and belief, Smith falsely alleged that Mr. Cotton stole money from the company in order to manufacture a reason to terminate his employment.

82.   Upon information and belief, the actual reason Smith terminated Mr. Cotton was to retaliate against him for complaining about overtime violations.

83.   Mr. Cotton has suffered economic and compensatory damages as a result of Defendants' termination of his employment in violation of the FLSA.

## COUNT FOUR – RACE DISCRIMINATION
## VIOLATION OF TITLE VII
## AGAINST ACKERMAN

84.   The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

85.   Mr. Cotton is African-American.

86.  Prior to Mr. Cotton's termination, Smith accused Caucasian tow truck drivers of stealing money from Ackerman, but he did not terminate those employees.

87.  Additionally, Mr. Cotton did not steal money from Ackerman, and upon information and belief, Smith was aware of this fact at the time he terminated Plaintiff's employment.

88.  Title VII prohibits covered employers from terminating an employee because of their race.

89.  Ackerman violated Title VII by terminating Mr. Cotton's employment due to his race.

90.  Mr. Cotton has suffered economic and compensatory damages as a result of Ackerman's termination of his employment in violation of Title VII.

91.  Prior to filing this Complaint, Mr. Cotton filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC").  The EEOC mailed a Right to Sue Notice to Mr. Cotton on September 11, 2015.

**COUNT FIVE – RACE DISCRIMINATION
VIOLATION OF SECTION 1981
AGAINST ALL DEFENDANTS**

92.  The allegations in all previous paragraphs above are incorporated by reference as if fully set out in this paragraph.

93.   Section 1981 prohibits employers from terminating an employee because of

their race.

94.   Defendants violated Section 1981 by terminating Mr. Cotton's employment

due to his race.

95.   Mr. Cotton has suffered economic and compensatory damages as a result of

Defendants' termination of his employment in violation of Section 1981.

WHEREFORE, Plaintiff requests that this Court:

(a) Take jurisdiction of this matter;

(b) Permit this case to proceed as an FLSA collective action under 29 U.S.C.

§ 216 for those employees, past or present, who opt to participate by filing proper

written notice with the Court;

(c) Issue an Order holding Defendants to be each an "employer" as that term

is defined under the FLSA;

(d) Grant a trial by jury as to all matters properly triable to a jury;

(e) Issue a judgment declaring that Plaintiff and the members of the class he

represents were covered by the provisions of the FLSA and that Defendants have

failed to comply with the requirements of the FLSA;

(f) Award Plaintiff unpaid minimum wage due under the FLSA, plus an

additional like amount in liquidated damages;

(g) Award each member of the class Plaintiff represents unpaid minimum wage due under the FLSA, plus an additional like amount in liquidated damages, for each week in the three years preceding each class member's joining of this collective action in which such class members were not compensated at or above the minimum wage;

(h) Award Plaintiff proper payment for each overtime hour worked in the three years preceding the filing of this Complaint, calculated at one and one half times the regular hourly rate, and liquidated damages equaling 100% of overtime due Plaintiff, as required by the FLSA;

(i) Award each member of the class Plaintiff represents proper payment for each overtime hour worked in the three years preceding each class member's joining of this collective action, calculated at one and one half times the regular hourly rate, and liquidated damages equaling 100% of overtime due each class member, as required by the FLSA;

(j) Award Plaintiff back pay, front pay, compensatory damages, and punitive damages resulting from his termination in violation of the FLSA, Title VII, and Section 1981;

(k) Award Plaintiff and each member of the class he represents prejudgment interest on all amounts owed;

(l) Award Plaintiff and each member of the class he represents their reasonable attorneys' fees and costs of litigation; and

(m) Award any and such other further relief this Court deems just, equitable and proper.

Respectfully submitted on December 11, 2015.

_s/ Regan Keebaugh_
Regan Keebaugh
Georgia Bar No. 535500

Radford & Keebaugh, LLC
315 W. Ponce de Leon Ave.
Suite 1080
Decatur, Georgia 30030
(678) 271-0300
regan@decaturlegal.com